# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **BRENT GILMORE, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | **8:03CV305** |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **WOODMEN ACCIDENT AND LIFE** ) | |
| **COMPANY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

This matter is before the Court on the defendants' Motion to Compel (Filing No. 148). The defendants filed an affidavit and exhibits attached to the motion.[1] The plaintiffs oppose the motion (Filing No. 149), arguing only that the motion to compel is untimely because trial is set to begin on May 18, 2005, and the deadline to designate trial exhibits has expired. The defendants did not file a reply brief. **See** NECivR 7.1(c).

On March 23, 2005, the defendants filed the instant motion to compel the plaintiffs to produce "all 1099 forms received from all insurance companies during 2004." **See** Filing No. 148. On August 9, 2004, the defendants served on the plaintiffs a third request for production of documents.[2] In the third request for production, the defendants sought "All documents evidencing any income from any insurance company . . . since January 1, 2004." A similar request was made in the deposition notices served on the plaintiffs on January 24, 2005. **See** Filing Nos. 125 and 126. During the depositions held in late January the plaintiffs indicated they had not yet received the 1099 forms from each insurance company from whom they received income. On January 31, 2005, counsel for the defendants asked whether the plaintiffs would voluntarily produce the forms. Counsel for the plaintiffs asked that the request

---

[1]Counsel for the defendants is reminded that under the Nebraska local rules, a party is required to file a brief to accompany a motion, which raises substantial issues of law. **See** NECivR 7.1(a)(1). Additionally, evidentiary materials shall be filed separately with an index listing each item of evidence. **See** NECivR 7.1(a)(2).

[2]No certificate of service was filed as is required by the Nebraska local rules. **See** NECivR 34.1. However, the plaintiffs filed the certificate of service with their responses one month later. **See** Filing Nos. 65 through 68.

be made in writing.  **See** Filing No. 148, Exhibit 1(C) (excerpt of Gilmore deposition transcript).  On February 21, 2005, the defendants sent the plaintiff's counsel a letter including the above information and again requesting the 1099 forms.  **See** *id.* Exhibit 1(D).  Counsel for the defendants states he has not received any response from the plaintiffs' to the February 21 letter.  Further, the defendants contend the 1099 forms are relevant to the plaintiffs' calculation of damages.

The pretrial conference in this matter is scheduled for April 26, 2005, with trial to follow on May 18, 2005.  **See** Filing No. 138.  In preparation for the pretrial conference, the parties' deadline to provide each other with a list of all exhibits to be offered at trial was April 11, 2005.  **See** *id.*  The plaintiffs state their expert witness has already filed his expert report and does not include "current year data."  Additionally, the plaintiffs state the defendant has already deposed the plaintiffs' expert witness.

The plaintiffs had a burden to produce the 2004 1099 forms, which stems from the August 2004 requests for productions.  **See** Fed. R. Civ. P. 34.  If such forms were not available until after January 2005, the plaintiffs' burden to supplement their discovery responses remained in effect.  **See** Fed. R. Civ. P. 26(e).  The plaintiffs' argument that the defendants have waited too long to seek court intervention in the matter is disingenuous in light of the plaintiffs' own delay in complying with discovery rules.  The plaintiffs allege no legal basis for their failure to produce the requested discovery.  Accordingly, the court finds the plaintiffs shall produce the requested discovery forthwith and show cause why sanctions should not be imposed for the untimely production pursuant to Fed. R. Civ. P. 37(a)(4)(A).  Upon consideration,

**IT IS ORDERED:**

1. The defendants' Motion to Compel (Filing No. 148) is granted.
2. The plaintiffs' Opposition to Motion to Compel (Filing No. 149) is overruled.
3. **On or before April 27, 2005**, the plaintiffs shall produce all documents evidencing any income from any insurance company for the year 2004.

4.     The plaintiffs shall have to **on or before May 2, 2005**, to show cause why sanctions should not be imposed for failure to timely the produce the requested discovery pursuant to Fed. R. Civ. P. 37(a)(4)(A).

DATED this 18th day of April, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge