IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRENT GILMORE, GARY LIVINGSTON, WILLIAM J. OTTS, AND RICHARD PESCHAU, | ) ) ) ) | 8:03CV305 |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | **ORDER** |
| WOODMEN ACCIDENT & LIFE COMPANY, a Nebraska Insurance Corporation, THOMAS D. POTTER, JOHN HAESSLER, MARK H. BALE, MARGIN P. EHLY, KRISTA FRANK, SUSIE KEISLER-MUNRO, KEITH PRETTYMAN AND FREDERICK R. RICKERS, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court on plaintiffs' motions in limine (filings no. 119, 129, 152, and 166) and on defendants' motions in limine (filings no. 134, 142 and 155), and motion to supplement pre-trial order (filing no. 165).  The court, having considered the motions, supporting documents, the briefs in opposition and the relevant materials and law, now makes the following rulings.

**Plaintiffs' motions in limine (filings no. 119, 129, 152 and 166)**

With respect to plaintiffs' motion in limine, **filing no. 119**, the plaintiffs seek to exclude evidence or testimony relating to whether the decision of defendant Woodmen to eliminate all Mentoring General Agents programs/contracts was legitimate or

justified.[1] Plaintiffs argue that defendants' reasons, whether legitimate or justified, are irrelevant and prejudicial.  On this issue, plaintiffs specifically seek to preclude the testimony of Ronald Butkiewicz.  Plaintiffs argue that Mr. Butkiewicz is not qualified, that his testimony is not based upon facts, and that he has not applied reliable methods.  Plaintiffs argue that his testimony will not help the jury.  Naturally, defendants oppose the motion arguing that the information which plaintiffs seek to preclude is relevant and that it will help the jury in determining the remaining issue in this case.  The court agrees with the defendants.  In this case, the court, in its Memorandum and Order of February 14, 2005 (filing no. 147), already determined that:

> "The plaintiffs' contracts were at-will and [that] no breach occurred when defendants terminated those contracts."

See Court's Memorandum and Order (filing no. 147) at 10.  Testimony or information which pertains to the defendants' proper termination of the plaintiffs' at-will contracts is relevant and could help the jury to determine the plaintiffs' remaining claim of misrepresentation/concealment.  Consequently, the plaintiffs' motion in limine**, filing no. 119, is DENIED**.

With respect to plaintiffs' motion in limine, **filing no. 129**, plaintiffs seek to preclude the admission of testimony or information relating to plaintiffs' work

---

[1] The court is aware that Woodmen Accident & Life Company's successor is Assurity Life Insurance Company ("Assurity") and that plaintiffs' motion in limine, in this instance, refers to Assurity.  However, for clarification purposes, the court uses Woodmen in its order.

production or performance and defendants' costs and revenues.  In addition, plaintiffs seek to preclude testimony or information relating to their co-workers who were similarly situated but decided to stay and work for defendants after the proper termination of the at-will contracts.  Naturally, defendants oppose this motion arguing that information which plaintiffs seek to preclude is relevant and that it will help the jury in determining the remaining issue in this case.  The court agrees with the defendants, in part, and agrees with the plaintiffs, in part.

As indicated above, testimony or information which pertains to defendants' proper termination of the plaintiffs' at-will contracts is relevant and could help the jury in determining the plaintiffs' remaining claim of misrepresentation/concealment.  The court determines that testimony or information relating to work production and costs/revenues could also be helpful to the jury's  determination of the plaintiffs' remaining claim.  To preclude such information could revive issues such as breach of contract previously decided by the court in its Memorandum and Order (filing no. 147).  On the other hand, the court determines that testimony or information concerning plaintiffs' co-workers – who decided to stay or contract with defendants after the proper termination of the at-will contracts and who are not a party to this lawsuit – is irrelevant to the plaintiffs' remaining claim.

Therefore, the plaintiffs' motion in limine, **filing no. 129, is DENIED,** as to the admissibility of testimony or information relating to the plaintiffs' work production/performance and the defendants' costs and revenues.  However, the

3

motion is **GRANTED,** as to the admissibility of testimony or information relating to the defendants' contracts with other individuals who are not a party to this lawsuit.

With respect to plaintiffs' motion in limine**, filing no. 152,** plaintiffs also seek to preclude testimony or information relating to plaintiffs' work production.   Naturally, defendants oppose this motion arguing that information which plaintiffs seek to preclude is relevant and that it will help the jury in determining the remaining issue in this case.   The court agrees with the defendants.   As indicated above, testimony or information which pertains to defendants' proper termination of the plaintiffs' at-will contracts is relevant and could help the jury in determining the plaintiffs' remaining claim of misrepresentation/concealment.   To preclude this type of information could revive issues such as breach of contract previously decided by the court in its Memorandum and Order (filing no. 147).   Consequently, the plaintiffs' motion in limine**, filing no. 152, is DENIED.**

With respect to plaintiffs' motion in limine, **filing no. 166**, plaintiffs seek to prevent defendants from stating that the plaintiffs' at-will contracts were properly terminated.   Specifically, the plaintiffs contend that they should be allowed to argue that, if they prevail on their claim of fraud, the doctrine of equitable estoppel prevents the defendants from asserting that the plaintiffs' contracts were properly terminated. The court disagrees.   In this case, the court has already ruled that plaintiffs' contracts were at-will and that no breach occurred when their contracts were terminated.   See Court's Memorandum and Order, filing no. 147, at 10.   The court observed that

4

plaintiffs "have been fully paid under their employment at-will contracts [and that] no additional contractual payments to them exist which must be enforced." <u>See</u> Court's Memorandum and Order (filing no. 147) at 13.  The court will not allow the plaintiffs to make any assertions that contradict the court's previous rulings of its Memorandum and Order, filing no. 147.  In this case, the defendants have one claim remaining, misrepresentation/concealment.  They can introduce any evidence to support that claim as well as evidence to determine, with reasonable certainty, the amount of damages, if any, for that claim.  They, however, are not entitled to argue, under any theory, that defendants improperly terminated their at-will contracts.  That is contrary to this court's previous determination that plaintiffs' contracts were properly terminated and that no breach occurred.   Plaintiffs have only one claim remaining, misrepresentation/concealment (fraud), which is a tort.  They, however, do not have any claims under their contracts or under a contract theory.   Consequently, the plaintiffs' motion in limine, **filing no. 166, is DENIED.**

### Defendants' motions in limine (filings no. 134, 142 and 155) and motion to supplement pretrial order (filing no. 165)

With respect to defendants' motion in limine, **filing no. 134**, defendants seek to exclude testimony or information relating to plaintiffs' pension benefits.  Specifically, the defendants seek to prevent plaintiffs from arguing:

> (1) that their pension fund had defects (i.e., improper management/administration or improper funding) and how other benefit plans for other employees worked (i.e., were these plans also terminated at the same time the plaintiffs' plans were terminated);

(2) that the identity of the plan's trustees was not made known to them;

(3) that they were not invited to meetings or had correspondence with the pension plan administrators;

(4) that they did not receive notice of terms or changes in the pension plans; and

(5) the quality of their pension benefits.

See defendants' motion in limine at 1-2.  With respect to this type of information, the defendants' motion is **GRANTED.**  This type of information could only confuse the jury and is irrelevant to the plaintiffs' remaining claim of misrepresentation/concealment.

Defendants also seek to exclude testimony or information relating to plaintiffs' claims of non-economic damages.  Specifically, plaintiffs seek to exclude testimony or information on plaintiffs':

(1) lost credit reputation, standing and history;

(2) distress, anxiety, fear, apprehension, and sleep disturbance and travails;

(3) health problems and the health problems of their family members; and

(4) inability to maintain assets, change in borrowing base, and inability to provide for others.

See defendants' motion in limine at 2-3.  With respect to this type of information, the court finds that, under Nebraska law, fraud damages are limited to actual damages and that non-economic damages are not permitted.  See In Wash v. Ingersoll-Rand, 656 F.2d 367, 370 (8th Cir. 1981).  Consequently, as to this part, the defendants' motion is **GRANTED.**

6

The defendants also seek to exclude testimony or information relating to:

(1) promises that defendants would not be terminated by Woodmen's "unilateral change of business configurations";

(2) promises that defendants' contracts would be terminable only for cause;

(3) promises of compensations, benefits and advantages superior to those available through another company;

(4) promises that fringe benefits should be considered part of the contracts;

(5) the elimination of products for sale by career agents prior to the execution of their written contracts;

(6) the manner in which plaintiff Otts was terminated;

(7) discussions among the defendants, plaintiff Otts and Chuck Tantillo in the mid-1990s that Otts take over or inherit Tantillo's agency or that he would be in a dynamic territory where sales were strong; and

(8) claims that defendants would maintain a career agency program in which the plaintiffs would have continued opportunities to succeed.

See defendants' motion in limine 3-4.  As previously stated, this court already determined that "the plaintiffs' contracts were at-will, and [that] no breach occurred when defendants terminated those contracts." See Court's Memorandum and Order (filing no. 147) at 10.  This court also held that plaintiffs "have been fully paid under their employment at-will contracts [and that] no additional contractual payments to them exist which must be enforced."  See Court's Memorandum and Order (filing no. 147) at 13.  The testimony or information mentioned above could only confuse the jury and prevent them from focusing on the plaintiffs' remaining claim of

7

misrepresentation/concealment.  Consequently, as to this part, the defendants' motion is **GRANTED.**   The defendants, however, also seek to exclude testimony or information relating to plaintiff Otts' relocation from California to Kansas City in the mid-1990s.  The court sees no reason why this information should be precluded from the jury.  Therefore, as to this part, the defendants' motion is **DENIED**.

Defendants further seek to exclude testimony or information relating to plaintiffs' claim of tortious interference with a business relationship.  <u>See</u> Defendants' motion in limine at 4.  This court has already held in its Memorandum and Order (filing no. 147) that plaintiffs' claim for tortious interference with a business relationship fails as a matter of law.   <u>See</u> Court's Memorandum and Order, filing no. 147 at 14. Consequently, as to this part, the defendants' motion is **GRANTED**.

Lastly, defendants also seek to exclude testimony or information relating to:

(1) the merger between Security Mutual Life Nebraska and Lincoln Insurance Group;

(2) the current holding company – Assurity Security Group – and its type sales force, a benefit plan, and other attributes similar to those of Woodmen before the plaintiffs' contracts were terminated; and

(3) the bonuses or other amounts paid to defendants or any members of Woodmen's senior management team.

<u>See</u> defendants' motion in limine at 4-5.  As previously indicated, testimony or information which pertains to the defendants' proper termination of the plaintiffs' at-will contracts is relevant and could help the jury to determine the plaintiffs' remaining claim of misrepresentation/concealment.  The court determines that this type of information

is relevant.   Consequently, as to this part, the defendants' motion is **DENIED**. However, the defendants also seek to exclude testimony or information relating to claims that the individual defendants are indemnified of any liability.  The court finds that this information is irrelevant to the plaintiffs' remaining claim of misrepresentation/concealment.  Consequently, as to this part, the defendants' motion is **GRANTED**.

With respect to defendants' motion in limine, **filing no. 142**, defendants seek to exclude testimony or information relating to plaintiffs' experts.  Specifically, the defendants seek to exclude:

> (1) the opinions of Fred Lockwood on damages which occurred following the termination of the plaintiffs' contracts; and

> (2) the expert opinions of plaintiffs and Mike Fardella.

See defendants' motion in limine, filing no. 142, at 1.  With respect to the testimony or opinions of Fred Lockwood on damages which occurred following the termination of plaintiffs' contracts, the defendants' motion in limine is **GRANTED**.  As previously stated, this court, in its Memorandum and Order (filing no. 147), determined that "plaintiffs have been fully paid under their employment at-will contracts [and that] no additional contractual payments to them exist which must be enforced."  See Court's Memorandum and Order, filing no. 147, at 13.  Opinions of damages which occurred following the proper termination of the plaintiffs' at-will contracts will be excluded.

With respect to the expert opinions of plaintiffs and Mike Fardella, the defendants' motion is **DENIED**.  Testimony by plaintiffs and Mr. Fardella – who have

worked for many years in the life insurance industry – could also be helpful to the jury's determination of the plaintiffs' remaining claim.  Plaintiffs and Mr. Fardella will be allowed to testify as to matters where they have experience and as to matters consistent with this order.  *They, however, will be precluded from testifying or giving opinions as to matters: 1) in which they lack experience; 2) which this order precludes; and 3) which are inconsistent with this court's previous determinations in its Memorandum and Order, filing no. 147.*

With respect to defendants' motion in limine, **filing no. 155**, defendants seek to exclude testimony or information:

(1) of character and conduct of a witness which would violate Federal Rule of Evidence 608;

(2) of statements made by former employees of Woodmen, Jeff Powell and Michael Slattery, to plaintiffs concerning Woodmen's actions/plans or content of documents which would violate Federal Rule of Evidence 801;

(3) of contracts which Assurity (successor of defendant Woodmen) entered with prior Woodmen employees following the termination of plaintiffs' contracts; and

(4) of commissions or benefits the plaintiffs would have received under their contracts, if those contracts had remained in effect beyond the actual termination day.

See defendants' brief in support of their motion in limine at 1-4.  With respect to this testimony or information, the defendants' motion in limine is **GRANTED**.  Defendants can be assured that the Federal Rules of Evidence 608 and 801, as well as all remaining Federal Rules of Evidence, will be followed and strictly applied.  In addition,

as indicated above, testimony or information which relates to contracts entered into by defendant Woodmen/Assurity with individuals after plaintiffs' at-will contracts were properly terminated is irrelevant.  Consequently, this type of testimony or information will be excluded.  Likewise, information on benefits the plaintiffs could have received if their contracts had remained in effect is irrelevant.  The court has already ruled that the"plaintiffs have been fully paid under their employment at-will contracts [and that] no additional contractual payments to them exist which must be enforced."  See Court's Memorandum and Order, filing no. 147, at 13.

With respect to defendants' Motion to Supplement the Pretrial Order, **filing no. 165**, defendants seek to add: (1) plaintiffs' supplemental discovery responses (attached as Exhibit "A" to their Motion to Supplement the Pretrial Order) and (2) a supplemental exhibit list (attached as Exhibit "B" to their Motion to Supplement the Pretrial Order).  The plaintiffs have not filed an objection to the defendants' motion.  As a result, the defendants' Motion to Supplement the Pretrial Order**, filing no. 165, is GRANTED**.

SO ORDERED.

DATED this 13th day of May, 2005.

BY THE COURT:


s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge

11