IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRENT GILMORE, GARY LIVINGSTON, WILLIAM J. OTTS, AND RICHARD PESCHAU, | ) ) ) ) | 8:03CV305 |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | **ORDER** |
| WOODMEN ACCIDENT & LIFE COMPANY, a Nebraska Insurance Corporation, THOMAS D. POTTER, JOHN HAESSLER, MARK H. BALE, MARGIN P. EHLY, KRISTA FRANK, SUSIE KEISLER-MUNRO, KEITH PRETTYMAN AND FREDERICK R. RICKERS, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on plaintiffs' motions in limine (Filing Nos. 119, 129, 152, and 166), defendants' motions in limine (Filing Nos. 134, 142 and 155), and defendants' motion to supplement pretrial order (Filing No. 165).

Plaintiffs' Motions

In their first motion in limine, the plaintiffs seek to exclude the expert testimony of Ronald Butkiewicz, contending that his testimony is irrelevant and unreliable under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). Filing No. 119. Plaintiffs contend that evidence that relates to the legitimacy of or justification for the decision of defendant Woodmen Accident & Life Company ("Woodmen") to eliminate all Mentoring General Agents ("MGAs") is irrelevant. Mr. Butkiewicz is expected to testify that Woodmen made a decision to change to a brokerage system to benefit its policyholders and to assure financial survival; that it would not have been logical to establish the MGA program if

Woodmen had intended to convert to a brokerage system in 1997; and that plaintiffs were underperforming in comparison to similarly situated agents with other companies. Filing No. 121, Index of Evid., Ex. 61.

Admissibility of expert testimony is governed by Fed. R. Civ. P. 702. *Daubert*, 509 U.S. at 588 (highlighting the liberal thrust of the Federal Rules and their general approach of relaxing the traditional barriers to "opinion" testimony). The proponent of the expert testimony must prove its admissibility by a preponderance of the evidence. *Daubert*, 509 U.S. at 592. Proposed expert testimony must meet three prerequisites in order to be admitted under Rule 702: first, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact; second, the proposed witness must be qualified to assist the finder of fact; and third, the proposed evidence must be reliable or trustworthy in an evidentiary sense. *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001) (noting district court's gatekeeper role when screening expert testimony for relevance and reliability). Expert testimony assists the trier of fact when it provides information beyond the common knowledge of the trier of fact. *Kudabeck v. Kroger Co.*, 338 F.3d 856, 860 (8th Cir. 2003). The district court's gatekeeper function applies to all expert testimony, not just testimony based in science. *Id.*

Under *Daubert*, district courts apply a number of nonexclusive factors in performing this role. *Lauzon*, 270 F.3d at 686-87. These are: whether the theory or technique can be and has been tested; whether the theory or technique has been subjected to peer review and publication; the known or potential rate of error; whether the theory has been generally accepted; whether the expertise was developed for litigation or naturally flowed

from the expert's research; whether the proposed expert ruled out other alternative explanations; and whether the proposed expert sufficiently connected the proposed testimony with the facts of the case. *Id.* at 686-87. "This evidentiary inquiry is meant to be flexible and fact specific, and a court should use, adapt, or reject *Daubert* factors as the particular case demands." *Unrein v. Timesavers, Inc.*, 394 F.3d 1008, 1011 (8th Cir. 2005). There is no single requirement for admissibility as long as the proffer indicates that the expert evidence is reliable and relevant. *Id.* The question is whether the expert's opinion is sufficiently grounded to be helpful to the jury. *Id.* at 1012. "[N]othing in Rule 702, *Daubert*, or its progeny requires 'that an expert resolve an ultimate issue of fact to a scientific absolute in order to be admissible.'" *Kudabeck,* 338 F.3d at 861(*quoting Bonner v. ISP Tech., Inc.*, 259 F.3d 924, 929 (8th Cir. 2001).

Some evidence "cannot be evaluated accurately or sufficiently by the trial judge" in the procedural environment of a ruling on a motion in limine. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 439 (8th Cir. 1997). To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve. *United States v. Beasley,* 102 F.3d 1440, 1451 (8th Cir. 1996).

The court is unable to evaluate the potential relevance of Mr. Butkiewicz's testimony at this stage of the proceeding. Although the reasonableness of the defendants' business decisions may be irrelevant, the timing of those decisions may be. Moreover, some of Butkiewicz's purported testimony appears to be in the nature of background information that would aid the jury in establishing context. Other parts of his purported testimony appear to be more in the nature of argument than opinion. At this time, it appears that

plaintiffs' *Daubert* objections go more to the weight than to the admissibility of Mr. Butkiewicz's testimony, subject to a proper showing of foundation and reliability. *See, e.g., Kudabeck*, 338 F.3d at 862-63 (admitting testimony of a chiropractor). Plaintiffs have not shown that Mr. Butkiewicz cannot offer testimony that would be helpful to the jury within his field of expertise. "'Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *Id.* at 862 (*quoting Daubert*, 509 U.S. at 596). The court will properly limit Mr. Butkiewicz's testimony to matters that would be helpful to the jury and are within his area of expertise. Accordingly, the plaintiffs' *Daubert* motion in limine will be denied.

Plaintiffs also seek preclusion of evidence that relates to plaintiffs' work production or performance, defendants' costs and revenues, or any co-workers who continued to work for defendants. Filing Nos. 129 and 152. Again, the court is unable to assess the evidence at this stage of the proceedings. Evidence of alleged poor performance by plaintiffs would not be relevant as a defense to the misrepresentation/concealment claim, but may be relevant to damages. Similarly, evidence that relates to co-workers' continued employment may be relevant to mitigation of damages. Again, the court finds the motions in limine to preclude this evidence should be denied at this time without prejudice to reassertion at trial.

Plaintiffs also seek an order allowing them to produce evidence tending to establish that defendants are equitably estopped from asserting as a defense that they had the right to terminate the plaintiffs' contracts in July 2002. Filing No. 166. Whether characterized as "equitable estoppel" or not, the court finds that defendants should not be permitted to

rely on any purported theory that they "had a right to terminate plaintiffs" under the contracts as a defense to the misrepresentation/concealment claim. Proper termination of the contract is not a defense to a misrepresentation claim.[1] Evidence that relates to the terminations may be relevant to damages, however, or to the issue of the reasonableness of plaintiffs' reliance on the alleged misrepresentations. Accordingly, plaintiffs' motion in limine will be denied.

Defendants' Motions

In their motion in limine, defendants seek to exclude evidence that relates to defendants' pension/defined benefit plan. Filing No. 134, Pretrial Submissions, Attachment 4, Motion in Limine. Specifically, the defendants seek to prevent plaintiffs from adducing evidence that relates to the terms, funding, administration, management of, or notification under the plan. Defendants concede that pension benefits may be a proper element of plaintiffs' damages, but assert that presentation of any evidence about the particulars of the plan, other than a dollar amount of damages, will amount to a preempted ERISA claim and is irrelevant to the litigation because plaintiffs' have expressly disavowed ERISA claims.

---

[1] The parties contend that this inquiry relates to Controverted and Unresolved Issues 7 & 8 of the Pretrial Order. Those paragraphs state: "Is Defendant estopped to deny that career agency benefits were promised to Plaintiffs by reason of their acts and omissions?" and "Did Plaintiffs rely on these statements to their detriment, thereby preventing Plaintiffs from denying or withholding the promised benefits now?" Filing No. 161, Pretrial Order at 5.

Defendants object to the inclusion of these issues as controverted issues for the reason that they were not raised in the complaint. That objection is misplaced. These issues relate to the ultimate issue for resolution in this case, whether characterized as a reply to a defense or otherwise. These questions are similar if not identical to elements that plaintiffs must prove in connection with the misrepresentation/concealment claim. Defendants will not be precluded from raising a factual defense to the allegations of the reliance element of the misrepresentation or concealment claim.

The court finds that alleged representations regarding pension benefits are one component of defendants' allegedly fraudulent representations about its compensation package. Plaintiffs do not seek to enforce rights or to recover benefits under the plan. Presentation of evidence of alleged misrepresentations about a pension plan as part of a state-law misrepresentation claim cannot be said to "relate to" or have "a connection" to the ERISA plans so as to preempt the claim. *See Wright Electric, Inc. v. Minnesota State Bd. of Electricity*, 322 F.3d 1025, 1030-31 (8th Cir. 2003) (stating that factors to consider in a preemption analysis are whether the state law claim: (1) negates an ERISA plan provision, (2) affects the relations among ERISA entities, (3) affects the structure and administration of ERISA plans; (4) has an economic impact on ERISA plans; (5) whether preemption of the state law claim is consistent with other ERISA provisions; and (6) whether the state law was an exercise of traditional state power); *Shea v. Esensten,* 208 F.3d 712, 719 (8th Cir. 2000) (finding no preemption where negligent misrepresentation claim did not involve the responsibilities of a plan fiduciary, but involved enforcement of an independent state-created duty to disclose); *Trustees of AFTRA Health Fund v. Biondi*, 303 F.3d 765, 775 (7th Cir. 2002) (noting that presumption is that ERISA does not preempt areas of traditional state regulation such as common law fraud, but claim may be precluded if allowing the claim to go forward would thwart the statutory objectives of ERISA). Plaintiffs' claim does not attack the validity of the ERISA plan, nor do plaintiffs make any claim for benefits under the plan. Further, plaintiffs have not sued an ERISA plan, fiduciary or administrator. Accordingly, the court finds defendants' motion in limine seeking preclusion of evidence that involves pension plans will be denied.

Defendants also seek exclusion of evidence of plaintiffs' non-economic damages. Plaintiffs concede that noneconomic damages are not recoverable in an action for fraud, and assert that they only seek economic damages. Accordingly, defendants' motion is mooted in part. The court finds that certain evidence of noneconomic damages, such as family members' health, may be relevant to other issues, such as establishing the cost of obtaining health insurance coverage as an element of economic damages.

Defendants also seek to exclude miscellaneous other evidence, including evidence of mergers; evidence of the current holding company's sales force, benefit plan, and other attributes; and evidence of senior management bonuses. As noted, the court is unable to assess the relevance of such evidence in the context of a motion in limine. Accordingly, defendants' motion in limine to preclude the foregoing evidence will be denied without prejudice to reassertion at trial.

The defendants next seek preclusion of evidence of events, statements or agreements prior to or contemporaneous with the written contract, including the alleged promises that are part of the misrepresentation/concealment claim as well as certain evidence that relates to the manner of terminating William Otts and discussions between the parties and Chuck Tantillo in the mid-1990s. Defendants assert that this evidence should be excluded under the "subsequent contract" rule or the "parole evidence" rule. Filing Nos. 134 and 142.

Defendants cannot invoke the "subsequent contract" or "parole evidence" rules in connection with the misrepresentation/concealment claims. A party may rely on parol evidence to establish fraud. *See Abbott v. Abbott,* 188 Neb. 61 (Neb. 1972) (parol evidence rule does not prevent reception or consideration of evidence to prove promissory

fraud). The evidence that defendants seek to exclude provides the foundation of plaintiffs' theory of misrepresentation/concealment. The evidence may be relevant and admissible if such representations were made after defendants had made a decision to end the MGA program. The terms of the written contract may also be relevant to the issue of reasonable reliance. Defendants' motion to exclude evidence that relates to plaintiffs' claim of tortious interference with a business relationship will similarly be denied. Although the tortious interference claim has been dismissed, evidence that involves alleged tortious interference may be relevant to plaintiffs' remaining claim. Accordingly, defendants' motion to preclude this evidence will be denied.

Defendants also seek exclusion of testimony by plaintiffs' expert, Fred Lockwood, that relates to damages after the plaintiffs' termination as well as any purported rebuttal expert opinions offered by plaintiffs or Mike Fardella. Filing No. 142. The contention that plaintiffs are barred from seeking any damage after their termination under the contract was addressed in this court's order denying defendants' motion for summary judgment on the misrepresentation/concealment claim. *See* Filing No. 186. Plaintiffs will be permitted to adduce evidence that establishes their damages as a result of defendants' alleged misrepresentation or concealment. *Id.* at 7. Defendants' challenge to rebuttal expert opinions involves foundational objections to evidence submitted to rebut the purported testimony of defendants' expert, Ronald Butkiewicz. The submissions are more properly the subject of objections and/or cross-examination. The court notes that admission of the testimony will require a proper showing of foundation. Accordingly, defendants' motion in limine to exclude this evidence will be denied at this time without prejudice to its reassertion at trial.

In another motion in limine, Filing No. 155, defendants reassert issues addressed in earlier motions and also seek exclusion of evidence regarding interpretation of certain documents. Again, the evidence may be relevant to the remaining claim or to damages issues. Defendants' contentions are more properly the subject of an objection at trial than a motion in limine. Accordingly, the motion in limine will be denied without prejudice to reassertion at trial. The parties are assured that the Federal Rules of Evidence will be followed and applied.

Defendants' motion to supplement the pretrial order, Filing No. 165, is unopposed and will be granted. Accordingly,

IT IS ORDERED that

1. The plaintiffs' motions in limine (Filing Nos. 119, 129, 152, and 166) and the defendants' motions in limine (Filing Nos. 134, 142 and 155) are denied without prejudice to reassertion at trial.

2. Defendants' motion to supplement the pretrial order (Filing No. 165) is granted.

DATED this 17th day of April, 2006.

                                            BY THE COURT:

                                            s/ Joseph F. Bataillon
                                            United States District Judge