IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRENT GILMORE, GARY LIVINGSTON, WILLIAM J. OTTS, and RICHARD PESCHAU, <br><br>Plaintiffs,<br><br>v.<br><br>WOODMEN ACCIDENT & LIFE COMPANY a Nebraska Insurance Corporation, THOMAS D. POTTER, JOHN HAESSLER, MARK H. BALE, MARVIN P. EHLY, KRISTA FRANK, SUSIE KEISLER-MUNRO, KEITH PRETTYMAN, and FREDERICK R. RICKERS,<br><br>Defendants. | Case No. 8:03CV305<br><br><br><br>ORDER |

This matter is before the court on its own motion after a scheduling conference with the parties on April 12, 2006. Pursuant thereto,

IT IS ORDERED:

1. Trial of this matter is scheduled before the undersigned on **July 31, 2006, at 8:30 a.m.,** Courtroom No. 3, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska.

2. The parties are ordered to meet and confer to formulate a mediation plan to be submitted to the court. Counsel shall immediately advise the parties that the court expects them to mediate their dispute if they have not already done so, and may order them to participate in settlement discussions, in the presence of the court, if appropriate. Counsel shall jointly or separately notify the court within two weeks of the date of this order:

   a. That they have informed the parties of the court's expectations with respect to mediation;

   b. Whether they have hired a mediator and the name of the mediator hired;

   c. The date of scheduled mediation;

  d.  The parties joint or, if necessary, separate views on whether the trial of the case should be stayed pending the outcome of mediation;

  e.  If no mediator has been hired within two weeks of the date of this order, counsel's estimate of when a mediator can be hired and mediation held;

  f.  If a mediation was held previously, the identity of the mediator, date of the mediation and the parties' views on whether another mediation at this time might be successful in resolving the dispute; and

  g.  If the parties have not discussed mediation, what settlement efforts have been undertaken and what actions are planned for the future, together with the timing of such anticipated actions.

Counsel are reminded that if the parties do not have funds immediately available to pay a mediator's fees, the court's plan for Administration of Federal Practice Fund and the Mediation Plan (both available at www.ned.uscourts.gov) make the Federal Practice Fund available for the advance of such fees. If this action results in a monetary payment to the party requesting advance of funds, the Federal Practice Fund must be reimbursed.

  DATED this 17th day of April, 2006.

            BY THE COURT:


            s/ Joseph F. Bataillon
            JOSEPH F. BATAILLON
            United States District Judge